Matthew Mellen (SBN: 233350)
Sarah Shapero (SBN: 281748)
MELLEN LAW FIRM
411 Borel Ave, Suite 230
San Mateo, California 94402
Telephone: (650) 638-0120
Facsimile: (650) 638-0125
mellenlaw@yahoo.com

Attorneys for Plaintiff
ROBERT MULHALL

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

ROBERT MULHALL, an individual,

Plaintiff,

v.

WELLS FARGO BANK, N.A., a national association; and Does 1-50, inclusive,

Defendants.

CASE NO.: 4:16-cv-01841-DMR

**FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF:**

1. Quiet Title
2. Conversion
3. Intentional Misrepresentation
4. Negligent Misrepresentation

**DEMAND FOR JURY TRIAL**

## PRELIMINARY STATEMENT

1. In the case at hand, Defendant WELLS FARGO caused Plaintiff's home to be sold at a Trustee's Sale on or around December 10, 2009. On or around December 15, 2009, ETS SERVICES caused a Trustee's Deed Upon Sale ("TDUS") to be recorded with the County Recorder wherein ETS, the foreclosing trustee, granted and conveyed all title and interest in Plaintiff's Property to WELLS FARGO. Thereafter, WELLS FARGO purported to rescind the TDUS, thereby restoring title to Plaintiff, and purported to provide Plaintiff with a modification of his loan. Since April 2010, Plaintiff has made monthly payments to WELLS FARGO totaling over $180,000.00, including the payment of property taxes for the property with the understanding that WELLS FARGO and ETS had rescinded the TDUS and restored title to Plaintiff. However, it was recently discovered that Defendants did not rescind the TDUS and,

therefore, Plaintiff has been paying for and living on the Property for over five years, however, he is not, and has not been, the owner of the Property throughout the entire time. This lawsuit follows.

**JURISDICTION AND VENUE**

2. This is an action asserting violations of California State Law. Plaintiff ROBERT MULHALL brings this action to quiet title of the Property located at 848 Arguello Boulevard, Pacifica, California 94044 in Plaintiff's name or, alternatively, recover damages against Defendants for its unlawful conduct. Moreover, venue is proper in this Court because a substantial part of the events giving rise to the claims herein occurred in the City of Pacifica and County of San Mateo. Venue is therefore proper in San Mateo County.

**PARTIES**

3. Plaintiff ROBER MULHALL ("Plaintiff") is an individual who, at all relevant times herein, lived in and occupied the Property located at 848 Arguello Boulevard, Pacifica, California 94044.

4. At all times relevant, Plaintiff is informed, believes, and thereon alleges that Defendant Wells Fargo Bank is a diversified financial marketing and/or corporation engaged primarily in residential mortgage banking and/or related business and at all relevant times, was the owner of the Property located at 848 Arguello Boulevard, Pacifica, California 94044.

5. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein under the fictitious names Does 1 through 50, inclusive, and Plaintiff will amend this complaint to allege such names and capacities at such time as they are ascertained. Each fictitiously named Defendant is responsible in some manner for the wrongful acts complained of herein.

**AGENCY ALLEGATIONS**

6. Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned, each Defendant was acting as the agent, servant, employee, partner, co-conspirator, and/or joint venturer of each remaining Defendants. Each Defendant was acting in concert with each remaining Defendant in all matters alleged, and each Defendant has inherited any and all violations or liability of his predecessors-in-interest. Additionally, each Defendant has passed

any and all liability to his successors-in-interest, and at all times were acting within the course and scope of such agency, employment, partnership, and/or concert of action.

**STATEMENT OF FACTS**

7. Plaintiff purchased the Property located at 848 Arguello Boulevard, Pacifica, California 94044 in or around 1992. In or around August 2007, Plaintiff refinanced a loan on the Property with World Savings Bank, FSB and executed a Promissory Note and Deed of Trust in favor of World Savings Bank, FSB ("World Savings") in the amount of $536,000.00. Thereafter, World Savings transferred the loan to Wachovia Mortgage. WELLS FARGO BANK, N.A. ("WELLS FARGO") purchased Wachovia in 2008 and assumed all of Wachovia's assets, including Plaintiff's Note and Deed of Trust. The Deed of Trust contains a provision for attorneys' fees in enforcing the terms of the Deed of Trust in connection with borrower's default. Specifically, pursuant to the Deed of Trust, "Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided… including but not limited to, reasonable attorneys' fees." This attorneys' fees provision is made reciprocal for borrowers according to Civil Code § 1717, which makes all such contractual attorney's fee provisions mutual.

8. In or around January 2009, Plaintiff contacted WELLS FARGO to inquire about modifying his loan. WELLS FARGO informed Plaintiff that he did not qualify for a loan modification because he was current on his loan and explained to him that he would need to miss three months of payments in order to qualify for a loan modification. Therefore, Plaintiff followed WELLS FARGO'S advice, missed three payments on his loan, and began applying for a loan modification.

9. On or around June 18, 2009, ETS SERVICES, LLC ("ETS"), acting as the trustee, caused a Notice of Default to be recorded against the Property with the San Mateo County Recorder on behalf of WELLS FARGO.

10. On or around September 18, 2009, ETS caused a Notice of Trustee's Sale to be recorded against the Property with the San Mateo County Recorder on behalf of Wells Fargo.

11. On or around December 10, 2009, ETS sold the Property at a Trustee's Sale to the beneficiary, WELLS FARGO, for $460,000.00. Thereafter, ETS caused a Trustee's Deed Upon

Sale to be recorded with the County Recorder conveying all right, title and interest in the Property to WELLS FARGO.

12. Plaintiff was entirely unaware that his Property had been sold at a Trustee Sale until he received a 1099-C form from WELLS FARGO in or around January 2010 which stated that WELLS FARGO had cancelled and written off approximately $140,000.00 of Plaintiff's debt. When Plaintiff received the 1099-C he immediately contacted WELLS FARGO to determine why he had received the document and was informed that his home had been sold at a Trustee's Sale in December 2009. Plaintiff informed WELLS FARGO that he had never received notice of the Trustee's Sale, had a loan modification application pending with WELLS FARGO, and that this was the first time that he had been informed that he no longer owned the Property. WELLS FARGO informed Plaintiff that the sale had been in error because Plaintiff was, in fact, eligible for a loan modification. WELLS FARGO stated that the sale would be rescinded, title restored in his name, and the loan modification would be sent to Plaintiff.

13. In or around March 2010, Plaintiff received the loan modification from WELLS FARGO which provided that Plaintiff's principal balance was $516,959.66 and set forth Plaintiff's new monthly payment amount, exclusive of taxes and insurance. Pursuant to the Agreement, Plaintiff was required to make his first monthly payment on May 15, 2010 and then on the 15th day of each month thereafter. Further, the Agreement stated that it modified the Note and Deed of Trust which were secured by the Property. Plaintiff signed and returned the modification agreement to WELLS FARGO and made the first payment under the modification on or before May 15, 2010 as required. Based on the language of the Agreement, Plaintiff believed that title to the Property had been restored to him and that the Trustee's Deed Upon Sale recorded on or around December 15, 2009 had been properly rescinded. Furthermore, in or around March 2010, once Plaintiff sent in the loan modification as required, he phoned WELLS FARGO to ensure receipt of the signed modification and was informed that the modification had been received and boarded, the loan was reinstated, and that title had been restored to Plaintiff. The name of the individual from WELLS FARGO with which he spoke is currently unknown to Plaintiff but can easily be discovered

through discovery as WELLS FARGO'S servicing notes for the loan should bear the name of the individual with which Plaintiff communicated with at this time.

14. Plaintiff continued to make his monthly payments under the terms of the modification each month as required from May 2010 through December 2015. Further, Plaintiff made an additional payment to WELLS FARGO each month to cover the taxes on the property from May 2010 through December 2015. WELLS FARGO would then pay the County for the taxes on his behalf. In total, Plaintiff paid WELLS FARGO over $180,000.00 between May 2010 and December 2015 of which over $40,000.00 was used by WELLS FARGO to pay the property taxes. Each time that WELLS FARGO demanded a payment from Plaintiff and accepted payments from Plaintiff under the guise that it held a Deed of Trust and Promissory Note secured by the Property from March 2010 to December 2015, WELLS FARGO reasserted the misrepresentation that title had been restored to Plaintiff.

15. From December 2009 to the present, Plaintiff has continuously occupied the property as his principle residence and has never relinquished possession of the Property. During this time, Plaintiff continuously treated the Property as though he were the owner, because he actually thought that he owned the Property. Plaintiff made repairs on the Property, lived on the Property, informed everyone that he owned the Property, and secured the Property from other intruders. Plaintiff did not hide his possession of the Property and anyone that drove by the Property would have known that the Property was occupied by him, as he continuously kept vehicles in his driveway and received all of his mail and newspapers at the Property. From December 2009 to the present, Plaintiff had sole and exclusive continuous possession of the Property. Further, Plaintiff's possession of the Property was readily apparent.

16. In or around November 2015, Plaintiff received a notification from WELLS FARGO that his loan number would be changing. This struck Plaintiff as odd and he then realized that he had never actually seen the rescission of the Trustee's Deed Upon Sale. Therefore, Plaintiff went to the County Recorder to view the document and learned that the Trustee's Deed Upon Sale had never been rescinded. Furthermore, Plaintiff learned that WELLS FARGO was the owner of record for the Property and had been since December 2009.

17. Upon making this realization, Plaintiff sent WELLS FARGO a letter asking that he be allowed to meet with a WELLS FARGO representative, in person, to discuss the title issues. On or around January 15, 2016, a WELLS FARGO representative named Joseph Hepner who acted as an Executive Resolution Specialist for the Customer Care and Recovery Group sent Plaintiff a response denying Plaintiff's request for a face to face conflict resolution meeting. Mr. Hepner stated that there were no errors with Plaintiff's account and informed Plaintiff that the foreclosure had been removed due to the "Independent Foreclosure Review."

18. With no other recourse to obtain title to the Property for which Plaintiff has been paying for over 5 years, this lawsuit follows.

///

**FIRST CAUSE OF ACTION**
**Quiet Title**

19. Plaintiff incorporates all allegations of this complaint and re-alleges them as though they were fully set forth herein.

20. Plaintiff ROBERT MULHALL is, and at all times mentioned in this complaint was, a resident of San Mateo County, California. Defendant

21. Plaintiff is the owner by adverse possession of real property located in San Mateo County, California commonly known as 848 Arguello Boulevard, Pacifica, California 94044 and more specifically described as:

> LOT 31, BLOCK 17, AS SHOWN ON THE MAP ENTITLED "TRACT NO. 685 LINDA MAR NO. 5 SAN MATEO COUNTY, CALIFORNIA", FILED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF SAN MATEO, STATE OF CALIFORNIA IN BOOK 38 OR MAPS AT PAGE 24.
>
> APN No. 023-121-130-1

22. Plaintiff has possession of all real property described in paragraph 22 of this complaint by actual, open, hostile, continuous, and exclusive possession. Plaintiff's possession has been actual, open, hostile, continuous, and exclusive since December 15, 2009, in excess of the 5-year period set forth in Code of Civil Procedure § 318, 319, 321-323.

23. Plaintiff is informed and believed that Defendant WELLS FARGO claims an interest adverse to Plaintiff on the basis that Defendant WELLS FARGO claims that it is the title holder

of the Property pursuant to the Trustee's Deed Upon Sale recorded with the County Recorder on or around December 15, 2009.

24. Plaintiff is now seeking to quiet title against the claims of Defendant WELLS FARGO on the basis that Defendant's claims are without any right whatsoever based on Plaintiff's adverse possession of the Property in excess of the prescriptive period. Further, from December 15, 2009, Plaintiff has made all property tax payments for the Property.

25. Plaintiff seeks to quiet title as of December 16, 2014. Plaintiff seeks a judgment that Plaintiff is the owner in fee simple of the Property and that Defendant WELLS FARGO has no interest in the Property whatsoever.

## SECOND CAUSE OF ACTION

### Conversion

26. Plaintiff incorporates all allegations of this complaint and re-alleges them as though they were fully set forth herein.

27. Defendant's conduct, as alleged above, constitutes conversion.

28. Defendant is liable for conversion where it is established that (1) plaintiff had ownership rights or rights to possession of personal property; (2) defendant disposed of plaintiff's property in a manner inconsistent with plaintiff's property rights; and (3) damages resulted.

29. Plaintiff had ownership rights or a right to possession in the monies that Defendant fraudulently induced Plaintiff to pay to Defendant on the grounds that a Defendant had a secured interest in the property. Specifically, from March 2013 through December 2015, Defendant fraudulently induced Plaintiff to pay over $140,000.00 in principal and interest payments for a loan that did not exist as the loan had been extinguished by way of the December 2009 Trustee's Sale and Defendant had cancelled the remaining balance of the loan in January 2010. Because the Deed of Trust was never restored Defendant had no secured interest in the Property and no right to collect payments under the Deed of Trust or under California law. Therefore, Plaintiff's property rights were substantially interfered with, in that Defendant took the money from Plaintiffs and continue to keep the money, thereby Plaintiff is no longer a holder of his personal property.

30. Defendant's interference with Plaintiff's property rights have resulted in damages, including, but not limited to, the loss of the money that Defendant fraudulently obtained, and the interest income that Plaintiff would have acquired in the money had control not been fraudulently obtained. Also, Plaintiff is entitled to an award of attorneys fees. Further, Plaintiff is entitled to an order repairing his credit.

**<u>THIRD CAUSE OF ACTION</u>**
**Intentional Misrepresentation**

31. Plaintiff incorporates all allegations of this complaint and re-alleges them as though they were fully set forth herein.

32. The elements for a cause of action for fraud are: (1) a false statement of a material fact and knowledge on the part of the defendant that the statement is untrue; (2) intent on the part of the defendant to deceive; (3) justifiable reliance by the alleged victim on the statement; and (4) plaintiff suffered damages. Defendant's conduct, as alleged above, constitutes fraud.

33. In the case at hand, Plaintiff has been the victim of repeated and systematic misrepresentations by WELLS FARGO as follows:

34. In or around March 2010, a representative of WELLS FARGO, whose name is currently unknown to Plaintiff but can easily be discovered through discovery as WELLS FARGO'S servicing notes for the loan should bear the name of the individual with which Plaintiff communicated with at this time, informed Plaintiff via telephone that title of the Property had been restored to Plaintiff and that the loan had been reinstated and modified. This representation was false as title had not been restored to Plaintiff and, thus, the loan was still extinguished by way of the recorded Trustee's Deed Upon Sale and, thus, was not reinstated and was not a valid loan. Furthermore, between March 2010 and December 2015, each month WELLS FARGO demanded a payment from Plaintiff and accepted payments from Plaintiff under the guise that it held a Deed of Trust and Promissory Note secured by the Property, thereby reasserting the misrepresentation to Plaintiff that title had been restored to him and the loan re-boarded.

35. WELLS FARGO made these misrepresentations knowingly as it knew the status of Plaintiff's loan (or lack thereof) at that point however it made the representation anyways with the intent to deceive Plaintiff into believing that he held title to the property and owed Defendant

money under a loan so that WELLS FARGO could maintain title to the Property and receive payments from Plaintiff. Defendant had no reasonable grounds for believing its representations to be true since Plaintiff's account status and the status of the loan were solely within its knowledge. However, Defendant made the misrepresentation anyways with reckless disregard for the truth.

36. At the time that Defendant made these representations, Plaintiff was unaware of the falsity of the representations and in fact believed that title had been restored to him and that the Deed of Trust and Promissory Note that had previously been foreclosed on, and thereafter modified, were of full force and effect. Therefore, in reliance on Defendant's statements in March 2010 and on their insistence that Plaintiff pay Defendant each month, Plaintiff continued to submit payments to Defendant.

37. Plaintiff's reliance on Defendant's representations regarding the status of title to the property and the status of the loan was reasonable, as Defendant had been the holder of Plaintiff's loan and had the authority to restore title to him and provide him a modification. As a result of Plaintiff's reasonable reliance, he has suffered, and continues to suffer, actual damages including, but not limited to, the loss of his Property, loss of money including but not the principal and interest payments from March 2010 through December 2015, incurred attorneys' fees, a loss of reputation and goodwill, destruction of credit, emotional distress, loss of appetite, frustration, fear, anger, helplessness, nervousness, anxiety, sleeplessness, sadness, and depression, according to proof at trial but within the jurisdiction of this Court.

38. Defendant is guilty of malice, fraud and/or oppression, as defined in California Civil Code § 3294. Defendant's actions were malicious and willful; in conscious disregard of the rights and safety of Plaintiff in that the actions were calculated to injure Plaintiff. As such, Plaintiff is entitled to recover, in addition to actual damages, punitive damages to punish Defendant and to deter them from engaging in future misconduct.

## FOURTH CAUSE OF ACTION

### Negligent Misrepresentation

39. Plaintiff incorporates all allegations of this complaint and re-alleges them as though they were fully set forth herein.

40. Defendant's conduct, as alleged above, constitutes a negligent misrepresentation. California Civil Code §1710(2), sets forth the cause of action for a negligent misrepresentation. The elements for a cause of action for a negligent misrepresentation are (1) defendant makes a representation as to a past or existing material fact, (2) defendant made the misrepresentation without any reasonable grounds for believing it to be true, (3) the representation was made with the intent to induce the plaintiff to rely upon it, (4) plaintiff was unaware of the falsity of the representation and acted in justifiable reliance on the representation, and (5) damages

41. In or around March 2010, a representative of WELLS FARGO, whose name is currently unknown to Plaintiff but can easily be discovered through discovery as WELLS FARGO'S servicing notes for the loan should bear the name of the individual with which Plaintiff communicated with at this time, informed Plaintiff via telephone that title of the Property had been restored to Plaintiff and that the loan had been reinstated and modified. This representation was false as title had not been restored to Plaintiff and, thus, the loan was still extinguished by way of the recorded Trustee's Deed Upon Sale and, thus, was not reinstated and was not a valid loan. Furthermore, between March 2010 and December 2015, each month WELLS FARGO demanded a payment from Plaintiff and accepted payments from Plaintiff under the guise that it held a Deed of Trust and Promissory Note secured by the Property, thereby reasserting the misrepresentation to Plaintiff that title had been restored to him and the loan re-boarded.

42. WELLS FARGO made these misrepresentations without any reasonable grounds for belief in its truth as it knew the status of Plaintiff's loan (or lack thereof) at that point however it made the representation anyways with the intent to deceive Plaintiff into believing that he held title to the property and owed Defendant money under a loan so that WELLS FARGO could maintain title to the Property and receive payments from Plaintiff. Defendant had no reasonable grounds for believing its representations to be true since Plaintiff's account status and the status of the loan were solely within its knowledge. However, Defendant made the misrepresentation anyways with reckless disregard for the truth.

43. At the time that Defendant made these representations, Plaintiff was unaware of the falsity of the representations and in fact believed that title had been restored to him and that the Deed of

Trust and Promissory Note that had previously been foreclosed on, and thereafter modified, were of full force and effect. Therefore, in reliance on Defendant's statements in March 2010 and on their insistence that Plaintiff pay Defendant each month, Plaintiff continued to submit payments to Defendant.

44. Plaintiff's reliance on Defendant's representations regarding the status of title to the property and the status of the loan was reasonable, as Defendant had been the holder of Plaintiff's loan and had the authority to restore title to him and provide him a modification. As a result of Plaintiff's reasonable reliance, he has suffered, and continues to suffer, actual damages including, but not limited to, the loss of his Property, loss of money including but not the principal and interest payments from March 2010 through December 2015, incurred attorneys' fees, a loss of reputation and goodwill, destruction of credit, emotional distress, loss of appetite, frustration, fear, anger, helplessness, nervousness, anxiety, sleeplessness, sadness, and depression, according to proof at trial but within the jurisdiction of this Court.

45. Defendant is guilty of malice, fraud and/or oppression, as defined in California Civil Code § 3294. Defendant's actions were malicious and willful; in conscious disregard of the rights and safety of Plaintiff in that the actions were calculated to injure Plaintiff. As such, Plaintiff is entitled to recover, in addition to actual damages, punitive damages to punish Defendant and to deter them from engaging in future misconduct.

**DEMAND FOR JURY TRIAL AND PRAYER FOR DAMAGES**

WHEREFORE, Plaintiff ROBERT MULHALL demands a trial by jury. Plaintiff also prays for judgment and order against Defendant, as follows:

1. That judgment is entered in Plaintiff's favor and against Defendant;
2. For damages, disgorgement, and injunctive relief;
3. For compensatory and statutory damages, attorneys' fees, and costs according to proof at trial;
4. For a judgment determining that the title claims by Defendant WELLS FARGO to the Property are without any right whatever and Defendant has no right, title, estate, lien, or interest whatever in the above described property or any part thereof;
5. For exemplary damages in an amount sufficient to punish Defendant's wrongful conduct and deter future misconduct;

6. For such other and further relief as the Court may deem just and proper.

DATED: June 8, 2016

Respectfully submitted,

MELLEN LAW FIRM

*/s/ Sarah Shapero*

Sarah Shapero, Esq.
Attorney for Plaintiff
ROBERT MULHALL

## VERIFICATION

I, ROBERT MULHALL, am a named Plaintiff in the above-entitled action. I have read the foregoing amended complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters stated upon information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on this 8th day of June, 2016 in Pacifica, California.

_*/s/ Robert Mulhall*___________________
ROBERT MULHALL
Plaintiff